IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SHAVICKA KING, f/k/a ) <br> SHAVICKA YATES, ) <br> ) <br> Plaintiff, ) <br> ) CIVIL ACTION <br> v. ) <br> ) FILE NO. 7:14-cv-196(HL) <br> PERFORMANT RECOVERY, INC., ) <br> ) <br> Defendant. ) | |

## COMPLAINT

COMES NOW, SHAVICKA KING f/k/a SHAVICKA YATES, by and through the undersigned counsel, and files this, her Complaint pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against Defendant PERFORMANT RECOVERY, INC. In support thereof, Plaintiff respectfully shows this honorable Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

2. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

3. Plaintiff Shavicka King ("Plaintiff") is a natural person who at all relevant times resided in Moultrie, Georgia (Colquitt County).

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Performant Recovery, Inc. ("Defendant") is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

8. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

9. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another, to wit: a private student loan (the "Debt").

10. Defendant, in connection with the collection of the Debt, began placing

telephone calls to Plaintiff in and about April 2014.

11.     In or about April 2014, Plaintiff demanded that Defendant cease and desist from placing any and all telephone calls to her to collect the Debt.

12.     Also in or about April 2014, Defendant, via its agent and/or employee "Chelsea Hunt," during a communication in connection with the collection of the Debt, represented to Plaintiff that the Debt was eligible for a forbearance.

13.     However, during the same communication as described in Paragraph 13, above, "Chelsea Hunt" represented to Plaintiff that after checking with her "supervisor," the Debt was not eligible for forbearance.

14.     Upon information and good-faith belief, at the time Defendant represented to Plaintiff that the debt was not eligible for forbearance, it was eligible for forbearance.

15.     Also during the April 2014 communication described above, Defendant also stated that Defendant would "move forward and push with taking legal action against [Plaintiff] and her co-signer."

16.     Further, despite Plaintiff's demand that Defendant cease and desist from placing any and all telephone calls to her, Defendant placed calls to Plaintiff's cellular telephone, including, but not limited to, calls placed on May 2, 2014, May 12, 2014 and May 13, 2014.

17.     On one occasion, Defendant caused Plaintiff's cellular telephone to ring four times over a period of twenty-two minutes, and three times over a period of just six

minutes.  (*See* Exhibit A).

18. Upon information and good-faith belief, Defendant placed the above-referenced calls to Plaintiff's cellular telephone using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).

19. Upon information and good faith belief, Defendant utilizes hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial phone numbers without human intervention.

20. Upon information and good faith belief, Defendant used such hardware and software to place the calls at issue to Plaintiff's cellular telephone.

21. Defendant placed the telephone calls set forth herein to a telephone number assigned to a cellular telephone service.

22. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone after Plaintiff demanded that Defendant cease and desist from placing any and all telephone calls to her.

23. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

24. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above willfully and knowingly in that it consciously and deliberately made the calls referenced herein.

25. Upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the telephone calls identified above.

26. In addition, and upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the telephone calls identified above to Plaintiff.

27. Also, on July 15, 2014, Defendant sent Plaintiff written communication for the purpose of collecting the Debt that provided Plaintiff with the notices required pursuant to 15 U.S.C. § 1692g(a) *et seq.* (*See* Exhibit B).

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(5)

28. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

29. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

30. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

31. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character and legal status of the Debt, including, but not limited to: misrepresenting that the Debt was not eligible for a forbearance, when in fact, the Debt was eligible for a forbearance.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. §1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(5)

32. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

33. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that Defendant did not intend to take, including, but not limited to: threatening to take legal action against Plaintiff to collect the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. §1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(10)

34. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

35. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff, including, but not limited to: misrepresenting that the Debt was not eligible for a forbearance, when in fact, the Debt was eligible for a forbearance.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. §1692k(a)(3);

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692g(a)

36. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

37. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required pursuant to 15 U.S.C. 1692g(a) *et seq*, either in its initial communication with Plaintiff, or in writing within five (5) days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. §1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

38.     Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

39.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

40.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 10, 2014.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
(404) 365-4460
(855) 415-4460 (fax)
craig@ehrlichlawoffice.com